UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL B. ZIDELL, et al.,<br><br>                Plaintiffs,<br><br>        v.<br><br>CITIBANK, N.A.,<br><br>                Defendant. | 25 Civ. 5245 (DEH)<br><br>**MEMRONADUM<br>OPINION AND ORDER** |

DALE E. HO, United States District Judge:

Plaintiffs Michael B. Zidell, individually and as Trustee for the Michael B. Zidell 1997

Exempt Lifetime Trust ("Plaintiff 1997 Trust") and the Michael B. Zidell 2016 Exempt Lifetime

Trust ("Plaintiff 2016 Trust") bring claims for aiding and abetting fraud under New York and

Texas law against Defendant Citibank, N.A.[1]  Before the Court is Citibank's Motion to Dismiss,

ECF No. 24.  For the reasons stated below, the motion is **GRANTED**.

### LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Sacerdote v. N.Y. Univ.*, 9

F.4th 95, 106 (2d Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).[2]  "In assessing the

complaint, [a court] must construe it liberally, accepting all factual allegations therein as true and

drawing all reasonable inferences in the plaintiff['s] favor." *Id.* at 106-07.  The court may also

"consider . . . documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable*

---

[1] Plaintiffs also initially brought a negligence claim under New York law against Citibank, but voluntarily dismissed it.  *See* Pls.' Resp. Mot. Dismiss ("Pls.' Resp.") ¶ 11, ECF No. 30.

[2] All references to Rules are to the Federal Rules of Civil Procedure.  In all quotations from cases, the Court omits citations, alterations, emphases, internal quotation marks, and ellipses, unless otherwise indicated.

*L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010).  However, the court must disregard any "conclusory allegations, such as 'formulaic recitations of the elements of a cause of action.'" *Sacerdote*, 9 F.4th at 107 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "A complaint is properly dismissed where, as a matter of law, 'the allegation in a complaint, however true, could not raise a claim of entitlement to relief.'"  *Rubenstetn v. Ishizuka*, No. 23 Civ. 4332, 2025 WL 1489375, at *2 (S.D.N.Y. May 23, 2025) (quoting *Bell Atl. Corp.*, 550 U.S. at 558).

A complaint alleging fraud must also satisfy heightened pleading requirements set forth in Rule 9(b).  *Set Cap. LLC v. Credit Suisse Grp. AG*, 996 F.3d 64, 75 (2d Cir. 2021).  Rule 9(b) requires that "a party . . . state with particularity the circumstances constituting fraud or mistake." In concrete terms, this means that "a complaint must (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent."  *Emps.' Ret. Sys. of Gov't of the V.I. v. Blanford*, 794 F.3d 297, 305 (2d Cir. 2015).

## DISCUSSION

Michael Zidell alleges that he was the victim of a fraudulent scheme in which he wired more than $20 million to Guju, Inc.'s various bank accounts, for which he believed was a legitimate non-fungible token (NFT) investment opportunity.  *See* Compl. ¶¶ 13-20, ECF No. 1.[3] It turned out to be a scam.  *See id.* ¶¶ 21-22.  He initially filed suit in the Northern District of Texas, but that suit was dismissed for lack of personal jurisdiction.  *See Zidell v. E. W. Bank*, No. 24 Civ. 2340-D, 2025 WL 919385, at *1 (N.D. Tex. Mar. 26, 2025).  He then initiated suit against Citibank in this Court, and has filed a separate action against the other banks that processed his wire transfers

---

[3] Unless otherwise stated, the following facts are taken from the Amended Complaint and are assumed to be true solely for the purposes of adjudicating Defendants' motion.  *See Buon v. Spindler*, 65 F.4th 64, 69 n.1 (2d Cir. 2023).

in the Central District of California. *See Zidell v. E. W. Bank*, No. 25 Civ. 6017, 2025 WL 4231628 (C.D. Cal. Dec. 15, 2025). He brings claims for aiding and abetting fraud against Citibank under both New York and Texas law. The Court considers these claims in turn, and ultimately concludes that they must be dismissed for failure to allege scienter.

### A. New York Law Claim

Under New York law, "[t]o establish liability for aiding and abetting fraud, the plaintiffs must show (1) the existence of a fraud; (2) [the] defendant's knowledge of the fraud; and (3) that the defendant provided substantial assistance to advance the fraud's commission." *Abu Dhabi Com. Bank v. Morgan Stanley & Co. Inc.*, 651 F. Supp. 2d 155, 186-87 (S.D.N.Y. 2009) (internal quotation marks and citations omitted). Here, Plaintiffs' New York claim must be dismissed because the Complaint does not allege that Citibank had actual knowledge of the fraud. Instead, Plaintiff argues that Citibank *should* have known that the banking services that it provided to Guju, including the wire transactions it processed, were in service of a fraudulent scheme due to various "red flags." *See* Pls.' Resp. Mot. Dismiss ("Pls.' Resp.") ¶¶ 4-5, ECF No. 30.

But that is not sufficient to state a claim for aiding and abetting fraud under New York law. "It is well settled in the Second Circuit that a bank's negligent failure to identify warning signs of fraudulent activity, such as atypical transactions—even where such signs converge to form a veritable forest of red flags—is insufficient to impute actual knowledge of ongoing fraud." *Jacobs v. Barclays Bank PLC*, No. 24 Civ. 909, 2025 WL 41644, at *2 (S.D.N.Y. Jan. 7, 2025), *aff'd*, No. 25-559, 2025 WL 3537338 (2d Cir. Dec. 10, 2025). Accordingly, Plaintiffs' New York law claim is dismissed.

### B. Texas Law Claim

To establish liability for aiding and abetting under the Texas Securities Act ("TSA"), "a plaintiff must prove (1) that a primary violation of the securities laws occurred; (2) that the alleged

3

aider and abettor had a "general awareness" of its role in this violation; (3) that the aider and abettor rendered "substantial assistance" in this violation; and (4) that the aider and abettor either intended to deceive plaintiff or acted with reckless disregard of the truth of the representations made by the primary violator." *In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, 540 F. Supp. 2d 759, 769-70 (S.D. Tex. 2007). The TSA has a slightly different standard for scienter than New York law, providing for liability for reckless disregard of the truth or the law—but this standard is still relatively strict. "[T]he TSA's 'reckless disregard for the truth or the law' standard means that an alleged aider can only be held liable if it rendered assistance in the face of a perceived risk that its assistance would facilitate untruthful or illegal activity by the primary violator"—and "[i]n order to perceive such a risk, the alleged aider *must possess a general awareness that his role was part of an overall activity that is improper*." *Sterling Tr. Co. v. Adderley*, 168 S.W.3d 835, 842 (Tex. 2005) (internal quotation marks and citation omitted) (emphasis added).

As with Plaintiffs' New York law claim, their Texas law claim must be dismissed for failure to plead the requisite degree of scienter. As noted above, while Plaintiffs allege that Citibank should have known that the banking services it provided were in furtherance of a fraudulent scheme due to various red flags, Plaintiffs do not allege that Citibank subjectively possessed "a general awareness" that it was playing a role in any improper activity. *Id.* Plaintiffs conclusorily argue that "Defendant engaged in highly unreasonable, deliberate and willful avoidance," which "can be inferred from the facts plead." Pls.' Resp. ¶ 6. But this statement is just a conclusion, as Plaintiffs do not explain *why* this inference is appropriate; and even if it were, Plaintiffs cite no authority for the proposition that such purported "willful avoidance" satisfies the requirement of "general awareness" under Texas law.

**CONCLUSION**

For the reasons stated above, the Motion to Dismiss is **GRANTED**.

The Clerk of Court is respectfully requested to terminate ECF No. 24, and to close this case.

SO ORDERED.

Dated: June 29, 2026

New York, New York

_____
DALE E. HO
United States District Judge